UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TREVIS C. JOHNSON,

        Plaintiff,                        Case No. 1:14-cv-394

v.                                           Honorable Gordon J. Quist

L. GIDLEY et al.,

        Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

        Plaintiff Trevis C. Johnson is incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF). He sues the following MDOC

employees working at ECF: Warden L. Gidley; Correctional Officers (unknown) Homrich, (unknown) Annis, and (unknown) Chesney; and Classification Director (unknown) Haskey.

According to the complaint, since October 2012, Plaintiff has worked as a laundry porter in "S block," as well as a blood spill porter and prisoner observation assistant ("POA"). (Compl., docket #1, Page ID#3.) Some time prior to filing the complaint, prison officials stopped calling him to work. He complained about this to a sergeant, and a few weeks later, he was called to work in S block. When he arrived for work, Defendant Homrich approached him and said, "[W]ho . . . are you and why are you here[?]" (*Id.*) Plaintiff explained that he was a laundry porter for S block, second shift. Homrich responded, "[Y]ou can't be[,] I've worked here since 2006 and I've never seen or heard of you." (*Id.*) After a few more days, Plaintiff was not called back to work. Several weeks later, while Plaintiff was working as a POA, he asked another officer why he was not being assigned work as a laundry porter; the officer promised to make sure that Plaintiff would be called out that day. Later that day, however, Plaintiff was given work scrubbing floors, walls, and windows, instead of work as a laundry porter. Officer Annis told him that he was not allowed to work "on the Rock" or in the laundry room. (*Id.*) Also, Officer Homrich told him that he made enough money working as a POA. A few days later, Plaintiff was fired from his laundry porter position. Apparently, someone claimed that he left a dryer on with no one watching it. In addition, Plaintiff was given a Class III misconduct ticket, assigned to "double OO" status, and confined to his cell for 30 days. (*Id.*)

Plaintiff claims that "these three officer[s]" violated his civil rights by retaliating against him. (*Id.* at Page ID#4.) Plaintiff also asserts a claim of "racial discrimination," without referencing any particular conduct or defendants. As relief, he seeks compensatory damages for "pain and suffering," for loss of wages, and for violation of his civil rights. (*Id.* at Page ID#4.)

**Discussion**

I.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v.*

- 3 -

*Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.  Defendants Gidley, Chesney and Haskey

Plaintiff does not mention Warden Gidley, Officer Chesney, or Classification Director Haskey in any of the allegations of the complaint.  It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").  Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendants Gidley, Chesney and Haskey.

### B.  Defendants Annis and Homrich

Officer Annis allegedly stated that Plaintiff was not allowed on the "Rock" or in the laundry room.  Officer Homrich allegedly stated that he had not seen or heard of Plaintiff and that Plaintiff made enough money as a POA.  Plaintiff does not expressly allege that he suffered any consequences as a result of these statements.  Harmless statements by a prison official do not give rise to a constitutional claim.

Plaintiff implies that these Defendants deprived him of the opportunity to work as a laundry porter, but such a deprivation does not state a claim because Plaintiff does not have a constitutional right to work in any prison job, let alone his preferred job.  *See, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job."); *Carter v. Tucker*, No. 03-5021, 2003 WL 21518730, at *2 (6th Cir. July 1, 2003) (same).  Morever, "as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Carter*, 2003 WL 21518730 at *2 (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991), and *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989)).

Plaintiff also asserts that three officers retaliated against him, presumably referring to Defendants Annis and Homrich, but his claim is unsupported.  Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was

taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Plaintiff's allegations do not satisfy any of the foregoing elements of a retaliation claim. He does not expressly allege any adverse action by Defendants. Moreover, even if the Court assumes that Defendants prevented him from working in a particular prison job, Plaintiff does not identify the protected conduct on which his retaliation claim is based, or any plausible connection between Defendants' actions and such conduct. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, Plaintiff does not state a retaliation claim.

Plaintiff also asserts a claim of racial discrimination, without specifying the discriminatory conduct or the Defendants to this claim. In a grievance attached to the complaint, however, Plaintiff asserts that Defendant Homrich decided not to call Plaintiff to work because Plaintiff also works as a POA, even though there are white inmates who also work as a POA and "get called to work." (Prisoner/Parolee Grievance Form, docket #1-1, Page ID#7.) The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v.*

*Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). "A plaintiff presenting a race-based equal protection claim can either present direct evidence of discrimination, or can establish a *prima facie* case of discrimination under the burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Umani*, 432 F. App'x 453, 458 (6th Cir. 2011). Plaintiff alleges no facts constituting direct evidence of discriminatory motive or purpose by Defendant Homrich. *See Umani*, 432 F. App'x at 458-59 (discussing direct evidence of discrimination). Also, Plaintiff fails to allege a *prima facie* claim under the indirect-evidence framework of *McDonnell Douglas*, because he fails to allege that the white prisoners were similarly situated in all relevant respects. To be a similarly-situated member of another class, "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or [defendant's] treatment of them for it.'" *Umani*, 432 F. App'x at 460 (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)). Plaintiff does not identify any similarly-situated white prisoners. He claims that other white prisoners were allowed to work, but he does not identify any facts or circumstances about their work, or whether they were subject to the same decisionmaker. Thus, Plaintiff's conclusory assertion of discrimination is wholly insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. For the foregoing reasons, Plaintiff does not state a claim against Defendants Annis and Homrich.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: July 17, 2014                    /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE